*James Jackson, on the demise of Stephen Hoge-boom v. John Stiles and Austin Griffin, tenants in possession.*

IN this, and several other actions under the demi-ses from the same lessor, the tenants moved to set aside the rules which had been entered to appear, and enter into consent rules, or that judgment go against the casual ejector.

The notice of motion stated, that the applications would be grounded on an inspection of the declara-tions, notices and affidavits on file, by which it would

appear, that three of the notices were directed in blank, and one to *James Perkins*, instead of the tenant, *James Kerman*.

*Harison.* In ejectment, the declaration is analogous to process, and ought, therefore, to be governed by the same rules. If a sheriff were to serve one man with a writ, directed to another, it certainly would not be a legal service, and in ejectment, a notice to A. is not a notice to B. *Kerman* can never be *Perkins ;* the court will not permit the possession of one man, to be changed by proceedings against another.

*Woodworth*, Attorney-General, read an affidavit, stating, that *James Kerman* was personally served, and that the declaration, with notices annexed, were served on the tenants. The court will see these facts also, *ante* p. 227. which was an application in this very cause. If the effect of the present motion be allowed, it will, in fact, be to try and decide the cause against the lessor of the plaintiff, as the limitation of the statute will then apply.

*Harison*, in reply. The effect of the statute cannot be taken into consideration. Suppose trespass for carrying away goods brought, instead of assumpsit, and the six years passed, would the court interfere to prevent the operation of the statute? This case deserves no indulgence ; twelve months elapsed before the application to amend in *August* last was made.

Feb. Term,
1804.

*Per Curiam.* The application in these suits is founded on a reference to the proceedings on file, by which, it is said, it will appear, that one of the notices was misdirected, and the others in blank.    In the affidavit on behalf of the plaintiff, it is sworn, that the direction of the one served on *James Kerman*, was to him in his name, and that the tenants were duly served ; if the facts were otherwise, it would have been very easy to evince them, by producing the several notices, &c. actually served, without referring to those on file.    It is, therefore, to be presumed, that the services have been regular.    The court will, in the present case, support this presumption, as otherwise, by the intervention of the limitation of the statute, the plaintiff would be barred.    The case of *Reynolds* is very different from this ; there no proceedings had been served on him ; a different tract of land was claimed ; the first intimation he had was by an execution which turned him out, and that very execution against the possession of a different man.    We there protected the right of the party, and we do so here.    The tenants can take nothing by their motion.